Opinion issued January
6, 2011

 



 

 

 

 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-00336-CR

____________

 








KELVIN P. WEST, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from County Criminal Court at
Law No. 4

Harris County, Texas

Trial Court Cause No. 1514541

 

 



MEMORANDUM OPINION








Appellant, Kelvin P. West, was
charged with the misdemeanor offense of driving while intoxicated.  See Tex. Penal Code Ann. § 49.04 (Vernon 2003).  Appellant pleaded not guilty, and the case
was tried to the bench.  The trial court
found appellant guilty and assessed punishment at 180 days’ confinement.  The trial court certified appellant’s right
to appeal, and appellant timely filed a notice of appeal.   

Appellant’s appointed counsel on
appeal has filed a motion to withdraw, along with an Anders brief stating that the record presents no reversible error
and therefore the appeal is without merit and is frivolous.  See
Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).  We grant counsel’s motion to withdraw and
affirm the trial court’s judgment.

An attorney has an ethical obligation
to refuse to prosecute a frivolous appeal.  In re Schulman,
252 S.W.3d 403, 407 (Tex. Crim. App. 2008). 
If an appointed attorney finds a case to be wholly frivolous, his
obligation to his client is to seek leave to withdraw.  Id.  Counsel’s obligation to the appellate court
is to assure it, through an Anders
brief, that, after a complete review of the record, the request to withdraw is
well-founded. Id.

We may not grant the motion to
withdraw until:

(1)     the
attorney has sent a copy of his Anders
brief to his client along with a letter explaining that the defendant has the
right to file a pro se brief within 30 days, and he has ensured that his client
has, at some point, been informed of his right to file a pro se PDR; 

(2)     the
attorney has informed us that he has performed the above duties; 

(3)     the
defendant has had time in which to file a pro se response; and

(4)     we
have reviewed the record, the Anders brief,
and any pro se brief.

 

See id. at
408–09. 
If we agree that the appeal is wholly frivolous, we will grant the
attorney’s motion to withdraw and affirm the trial court’s judgment. See Garner v. State, 300 S.W.3d 763, 766
(Tex. Crim. App. 2009).  If we conclude that arguable grounds for
appeal exist, we will grant the motion to withdraw, abate the case, and remand
it to the trial court to appoint new counsel to file a brief on the merits.  See
Bledsoe v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).  

Here, counsel’s brief reflects that
he delivered a copy of the brief to appellant and informed him of his right to examine
the appellate record and to file a response. 
See Schulman, 252 S.W.3d at
408.  More than 30 days have passed, and
appellant has not filed a pro se brief.  See id. at 409 n.23 (adopting 30-day
period for response).  

          Counsel’s
brief meets the Anders requirements
in that it presents a professional evaluation of the record. See Anders, 386 U.S. at 744, 87 S. Ct.
at 1400; see also High v. State, 573
S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel discusses the evidence,
supplies us with references to the record, and provides us with citation to
legal authorities.  Counsel indicates
that he has thoroughly reviewed the record and that he is unable to advance any
grounds of error that warrant reversal.  See Anders, 386 U.S. at 744, 87 S. Ct.
at 1400; Mitchell v. State, 193
S.W.3d 153, 154 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  

We have independently reviewed the
entire record, and we conclude that no reversible error exists in the record,
that there are no arguable grounds for review, and that therefore the appeal is
frivolous. See Anders, 386 U.S. at
744, 87 S. Ct. at 1400; Garner, 300
S.W.3d at 766–67 (explaining that frivolity is determined by considering
whether there are “arguable grounds” for review); Bledsoe, 178 S.W.3d at 826–27 (emphasizing that reviewing court—and
not counsel—determines, after full examination of proceedings, whether the
appeal is wholly frivolous); Mitchell,
193 S.W.3d at 155.  Although we may issue
an opinion explaining why the appeal lacks arguable merit, we are not required
to do so.  See Garner, 300 S.W.3d at 767. 
An appellant may challenge a holding that there are no arguable grounds
for appeal by filing a petition for discretionary review in the Court of
Criminal Appeals. See Bledsoe, 178
S.W.3d 827 & n.6.

          We
affirm the judgment of the trial court and grant counsel’s motion to withdraw.[1]
  Attorney
Jules L. Laird, Jr., must immediately send the notice required by Texas Rule of
Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of
this Court.  See Tex. R. App. P.
6.5(c).

PER CURIAM

 

Panel consists of Justices Keyes, Higley, and Bland.

 

Do not publish. 
Tex. R. App. P. 47.2(b).

 

 

 

 

 











[1]
              Appointed
counsel still has a duty to inform appellant of the result of this appeal and
that he may, on his own, pursue discretionary review in the Texas Court of
Criminal Appeals. See Bledsoe v. State,
178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).